IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **NOEL JACKSON, #10553-062,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-01772-SMY |
| | ) | |
| **T. G. WERLICH,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Noel Jackson, an inmate who is currently incarcerated in the Federal Correctional Institution located at Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 5). Petitioner challenges his enhanced sentence under *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016), and *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016). (Doc. 5, p. 1). The Petition is now before the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes this Court to apply the rules to other habeas corpus cases.

The Petition does not survive preliminary review. It includes virtually no comprehensible facts about the petitioner's underlying criminal case or the reason for bringing this habeas action. The few facts and claims offered in support of the Petition are found on pages 2, 31, and 32, but the Court is unable to make sense of them. (Doc. 5, pp. 2, 31-32). The remainder of the Petition is comprised of various case law excerpts that have been cut and pasted together. It is unclear

what these excerpts have to do with the petitioner's habeas claims or with one another. The Court could only discern the basis for this habeas action by looking at the Petition's heading, *i.e.*, "Memorandum in Support of 28 U.S.C. § 2241, *Mathis* Under *Dawkins*," and the final paragraph entitled "Remedy Sought." (Doc. 5, pp. 1, 32). The other information contained in the Petition is largely incoherent. (Doc. 5, pp. 1-33). Further, the petitioner cites *Mathis* and *Dawkins* without explaining why. If he seeks relief under *Mathis* or any other "new" case, the petitioner must briefly set forth the facts and law that support his request for relief. In other words, he must tell the Court why he thinks he is entitled to habeas relief in simple, coherent terms. As it stands, the Petition does not survive screening.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 5) is **DISMISSED without prejudice**. If Petitioner wishes to pursue this habeas action further, he must file a *coherent* Amended Petition setting forth the facts and law that support his request for relief. The deadline for doing so is December 26, 2018.

To assist the petitioner in complying with this Order, the Clerk is **DIRECTED** to provide the petitioner with a blank Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. He should label it "Amended Petition" and list *this* case number (*i.e.*, No. 18-cv-01772-SMY) on the first page. An amended petition supersedes and replaces all prior versions, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). For this reason, the Amended Petition must stand on its own without reference to the original Petition. The petitioner is **WARNED** that failure to comply with this Order will result in dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure.

Finally, the petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and

each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: November 28, 2018**

<u>**s/ STACI M. YANDLE**</u>
**District Judge**
**United States District Court**